# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VERNON L. WALKER,

                    Plaintiff,

v.                                                    Case No. 19-CV-1777-JPS

CITY OF KENOSHA and KENOSHA
COUNTY SHERIFF'S DEPARTMENT,                          **ORDER**

                    Defendants.

Plaintiff Vernon L. Walker ("Walker"), an inmate confined at Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 23, 2019, the Court waived the initial partial filing fee. (Docket #6). The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Walker's complaint alleges that Defendants, the City of Kenosha ("Kenosha") and the Kenosha County Sheriff's Department ("KCSD"), violated his constitutional rights. Specifically, Walker alleges that on August 7, 2019, Walker attempted to get a Kenosha police officer to shoot and kill him in the back of a squad car because Walker was depressed. (Docket #1 at 3). The Kenosha police officer put Walker in leg restraints in the squad car, but Walker did not know why he was placed in leg restraints. (*Id.* at 1). Walker alleges that once he arrived at the Kenosha County Jail ("KCJ"), an employee at the KCJ denied him medical attention for injuries caused by the arresting officer. (*Id.*)

Additionally, Walker alleges that on November 14, 2019, he was placed in a one man cell by his dorm officer. (*Id.* at 3). Walker states that he should not have been put into a one man cell because he has several documented instances of trying to kill himself. (*Id.*) On November 15, 2019, Walker wrote a request slip to "supervision, Corporal Jarveia, Corporal Haney, and Corporal Macdonald," asking to be moved from his one man cell. (*Id.* at 3–4). It would appear that Walker did not receive a response to his written request slip. (*Id.* at 4). Walker also asked his dorm officers to move him from a one man cell, and each officer told Walker that they did not move inmates because an inmate wanted to be moved. (*Id.*) Walker alleges that KCSD has violated federal and state laws regarding inmate health and safety because he was placed in a one man cell. (*Id.*)

### 2.3 Analysis

Walker's complaint fails to state any claims for relief. Walker states only the legal conclusion that Defendants have violated his constitutional rights. He does not offer any meaningful factual allegations which would support his claims. Further, Defendants in this matter are two municipal entities, and not the individuals acting under color of state law who allegedly deprived Walker of his constitutional rights. Therefore, Walker's complaint has multiple deficiencies that must be remedied before this case can proceed.

First, Walker's complaint does not include sufficient facts supporting his allegations. Specifically, there are no factual allegations regarding the injuries he suffered when he was arrested or the injuries that he was denied medical assistance for. Further, there are no factual allegations regarding the actions of the KCJ employee who allegedly denied him medical assistance. Without this information, Walker fails to state a claim for deliberate indifference to medical needs under the Eighth and Fourteenth Amendments.

Second, Defendants in this matter are municipal entities. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), municipalities and other local governments are liable for an employee's conduct only if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Petty v. City of Chi.*, 754 F.3d 416, 424 (7th Cir. 2014). The "official policy or practice" requirement serves to "distinguish acts of the municipality from acts of [its] employees . . . and thereby make clear that municipal liability is limited to action for which the

municipality is actually responsible." *Grieveson v. Anderson,* 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations and citations omitted).

Therefore, to maintain a § 1983 claim against a municipal entity, Walker must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

Walker has not alleged that either Kenosha or KCSD has an express policy that compels health services providers at the KCJ to ignore inmates' medical needs; indeed, he does not allege that any other medical provider acted in accordance with, or contravention of, any policy at all. Additionally, he has not alleged that the KCSD has a policy that requires inmates to be held in cells that may violate a constitutional right if the inmate has been on suicide watch previously. Walker also has not alleged that Kenosha or KCSD has a widespread practice of ignoring inmates' medical emergencies or ignoring the proper housing for previously suicidal inmates; he only makes allegations about his individual experience. Finally, Walker also does not allege that any person with final policymaking

authority actually caused his injury. Thus, Walker has not stated a claim under *Monell* against Kenosha or KCSD.

In sum, in order to proceed with his § 1983 claim alleging violations of the Eighth and Fourteenth Amendments, Walker must amend the complaint to provide more facts regarding his injuries and the actions of the KCJ employee(s) who allegedly denied him medical assistance. Walker also must amend the complaint to provide factual allegations that Defendants Kenosha and KCSD had a policy or widespread practice that, or in the alternative name as a defendant the policy maker who, deprived him of his constitutional rights. Finally, Walker may wish to consider naming the individuals who allegedly violated his constitutional rights and removing the current Defendants from his amended complaint.

### 3.    CONCLUSION

The Court will permit Walker the opportunity to correct these deficiencies in his pleading. If he chooses to offer an amended complaint, Walker must do so no later than **thirty (30) days** from the entry of this Order. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007).

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each

person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) fails to state a claim on which relief may be granted;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **thirty (30) days from the entry of this Order**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers

to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, and Waupun Correctional Institution, Wisconsin Secure Program Facility.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge